**Glen P. CUTLER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–435.**

United States Court of Veterans Appeals.

Submitted Feb. 19, 1992.

Decided May 1, 1992.

Glen P. Cutler, pro se.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Adam K. Llewellyn, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

PER CURIAM:

Appellant, Glen P. Cutler, appeals a January 18, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which found that his income was excessive for receipt of pension benefits effective January 1, 1990. Appellant claims that the Department of Veterans Affairs (VA) and the BVA have incorrectly and too narrowly interpreted the statutes and regulations which govern pensions by including his wife's Worker's Compensation settlement as income to him in the year received. Appellant asks that the "law of common sense, fairness and justice" be applied to his case. We hold that 38 U.S.C. § 1503 (formerly § 503) clearly and unambiguously precludes the payment of pension benefits under the facts of this case. Further, the regulations promulgated by the Secretary of Veterans Affairs (Secretary) to carry out 38 U.S.C. § 1503 are consistent with the statute and within the Secretary's statutory authority. Accordingly, we affirm the January 18, 1991, BVA decision.

Appellant served in the Navy from March 1942 to March 1946. He has been receiving non-service-connected disability Section 306 pension since May 1971. (Section 306 pension refers to those pensions received by veterans eligible for pension as of December 31, 1978, who could choose to elect the improved pension benefits provided by Veterans' and Survivors' Pension Improvement Act of 1978 or to remain under the old law. See Pub.L. No. 95–588, § 306 (1978).) In November 1989, appellant submitted the required income verification report showing that he was receiving monthly Social Security benefits ($508). His wife was also receiving Social Security benefits ($524). He also reported interest income

($2,114.81) on a Worker's Compensation settlement ($14,540) which his wife had received in 1989. She was keeping the settlement amount in a personal bank account. The Regional Office determined that appellant's countable income exceeded the maximum allowable annual income, which for a veteran with spouse receiving Section 306 pension effective January 1, 1989, was $10,350, and terminated his Section 306 pension effective January 1, 1990. *See* 38 C.F.R. § 3.660(a)(2) (1991) (effective date of discontinuance of pension).

■ The applicable statute is:

**38 U.S.C. § 1503 Determinations with respect to annual income**

(a) In determining annual income under this chapter, all payments of any kind or from any source (including salary, retirement or annuity payments, or similar income, which has been waived ...) shall be included except [for listed exclusions of which payments pursuant to a Worker's Compensation settlement are not listed].

Once a veteran's income has been determined, if it exceeds a pre-determined statutory level, a Section 306 pension is either denied or discontinued. *See* 38 U.S.C. § 1522 (formerly § 522) (Net Worth Limitation). 38 U.S.C. § 1503 is implemented by a number of regulations which in pertinent part are:

**38 C.F.R. § 3.252 (1991) Annual Income; pension, Mexican border period and later war periods**

(b) *Annual income and net worth limitations; Pub.L. 86–211.* Pension is not payable to a veteran ... whose annual income exceeds the limitations set forth in 38 C.F.R. § 521 ... or to a veteran ... if it is reasonable that some part of the claimant's estate be consumed for his or her maintenance. Where a veteran and spouse are living together, the separate income of the spouse will be considered as the veteran's income as provided in § 3.262(b).

(c) *Basic rule.* Payments of any kind or from any source will be counted as income unless specifically excluded. Income will be counted for the calendar year in which it is received and total income for the full calendar year will be considered except as provided in [38 C.F.R.] § 3.260 [Computation of Income].

**38 C.F.R. § 3.260 (1991) Computation of Income**

For entitlement to pension ... income will be counted for the calendar year in which it is received....

**38 C.F.R. § 3.262 (1991) Evaluation of Income**

(b) *Income of spouse.* Income of the spouse will be determined under the rules applicable to income of the claimant.

....

(i) *Compensation (civilian) for injury or death.*

(1) Compensation paid ... pursuant to any work[er's] compensation ... statute ... will be considered income as received, except as provided in paragraph (i)(2) of this section.

(2) For pension ... if payments based on permanent and total disability or death are received ... pursuant to any work[er's] compensation ... statute, there will be excluded 10 percent of the payments received after the deduction of medical, legal, and other expenses as authorized by paragraph (i)(1) of this section.

■ "Where a statute's language is plain, and its meaning clear, no room exists for construction." *Gardner v. Derwinski,* 1 Vet.App. 584, 587–88 (1991). 38 U.S.C. § 1503 states that "all payments of any kind or from any source ... shall be included...." Payments received pursuant to a Worker's Compensation settlement are not listed among the exceptions. The regulations as promulgated by the Secretary which count Worker's Compensation settlements as income in the year received are consistent with 38 U.S.C. § 1503 and, therefore, are within the scope of the Secretary's authority. Although appellant apparently believes the statute and regulations would be "fairer" if the Worker's Compensation settlement were apportioned

over the number of years to which it applied, neither the Board of Veterans' Appeals or this Court can do other than apply the clear language of 38 U.S.C. § 1503 which requires the settlement be included in income in the year received. The January 18, 1991, decision of the Board of Veterans' Appeals is AFFIRMED.